# 21-0095

**IN THE**
**United States Court of Appeals**
FOR THE SECOND CIRCUIT

---

**SAIFULLAH KHAN,**
*Plaintiff-Appellant,*

v.

**YALE UNIVERSITY, PETER SALOVEY, JONATHON HALLOWAY, MARVIN CHUN, JOE GORDON, DAVID POST, MARK SOLOMON, ANN KUHLMAN, LYNN COOLEY, PAUL GENECIN, STEPHANIE SPANGLER, SARAH DEMERS, CAROLE GOLDBERG, UNKNOWN PERSONS,**
*Defendants-Appellees,*

**JANE DOE,**
*Defendant-Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT, NO. 3:19-cv-01966-KAD

---

**SUPPLEMENTAL LETTER BRIEF OF THE DEFENDANT-APPELLEE JANE DOE**

---

James M. Sconzo, Esq.
Brendan N. Gooley, Esq.
Carlton Fields
One State Street
Suite 1800
Hartford, CT 06103
Tel. (860) 392-5000
Fax (860) 392-5058

July 18, 2023

**CARLTON FIELDS**

**ATTORNEYS AT LAW**

One State Street | Suite 1800
Hartford, Connecticut 06103-3102
860.392.5000 | fax 860.392.5058
www.carltonfields.com

Atlanta
Florham Park
**Hartford**
Los Angeles
Miami
New York
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

James M. Sconzo
Shareholder
(860) 392 – 5022
JSconzo@carltonfields.com

The Honorable Debra Ann Livingston
The Honorable Amalya L. Kearse
The Honorable Reena Raggi
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Dear Chief Judge Livingston and Judges Kearse and Raggi:

Pursuant to this Court's June 27, 2023 Order (ECF 89), Defendant-Appellee Jane Doe respectfully submits this letter brief on how this appeal should be decided.

## **INTRODUCTION**

This Court should vacate the District Court's judgment and remand this case for further proceedings consistent with the Connecticut Supreme Court's opinion reframing and then responding to several questions certified by this Court. Since this case will be remanded, this Court need not decide the alternate ground for affirmance raised by Jane Doe in this appeal but should instead instruct the District Court to decide that issue on remand.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. Pre-Certification Proceedings

Plaintiff sued Jane for defamation and tortious interference with business relationships based on Jane reporting to Yale University in 2015 that Plaintiff sexually assaulted her and then allegedly making defamatory statements about Plaintiff during a 2018 hearing before Yale University's University-Wide Committee on Sexual Misconduct ("the UWC"). (App. 32–34.) (Jane's 2015 report was not part of Plaintiff's defamation claim. (*E.g.*, App. 143.))

Jane moved to dismiss Plaintiff's claims in their entirety. (App. 37.) She primarily argued that she was protected by absolute quasi-judicial immunity. (App. 54–61.) In the alternative, Jane argued that Plaintiff's tortious interference claim failed, in part, because statements purportedly made in 2015 were barred by the statute of limitations. (App. 53–54.) Plaintiff responded to that argument by invoking the continuing course of conduct doctrine; Jane responded that the continuing course of conduct doctrine does not apply to discrete events separated by approximately three years. (App. 143; App. 158–61.)

The District Court concluded that Jane was entitled to absolute quasi-judicial immunity and therefore did not reach Jane's alternate argument that the statute of limitations barred Plaintiff from asserting claims based on purported events in 2015.

2

(App. 164–83.) Plaintiff then appealed to this Court. (App. 185.) In her brief to this Court, Jane raised her statute of limitations argument as an alternate ground for affirmance. (Jane's Brief at 35–41.) This Court then certified various questions about absolute quasi-judicial immunity to the Connecticut Supreme Court. (Doc.)

### B. Post-Certification Proceedings

The Connecticut Supreme Court held that, at least "in light of the procedural posture in which this case reache[d] [it]" (*i.e.*, on appeal from a motion to dismiss where the Court was "obliged to accept the factual allegations as true and to draw all inferences in [Plaintiff's] favor," (Connecticut Supreme Court's Opinion (ECF 87) ("Opinion") at 24)), Jane was not entitled to absolute quasi-judicial immunity, is entitled to qualified immunity, but that Plaintiff's allegations overcome qualified immunity until "a later stage of the proceedings, [when] with a more complete factual record," the District Court can revisit Jane's entitlement to qualified immunity. (Opinion at 30.) The Connecticut Supreme Court did not address Jane's statute of limitations argument, an issue this Court did not certify. (Opinion.)

## ARGUMENT

### A. This Court Should Remand This Case

This Court should vacate the District Court's holding that Jane was entitled to absolute quasi-judicial immunity and remand this case for further proceedings consistent with the Connecticut Supreme Court's decision. This Court's Order

3

should not prohibit the District Court from revisiting, on a fully developed record, absolute immunity and assessing, for the first time, qualified privilege. When the Connecticut Supreme Court analyzed the question of "whether . . . the 2018 Yale UWC proceeding at issue was properly recognized as quasi-judicial," it "reiterate[d] that, in light of the procedural posture in which this case reache[d] it, [the Court] was obliged to accept the factual allegations as true and to draw all inferences in [Plaintiff's] favor." (Opinion at 23–24.) "After reviewing the record before" it under that standard, the Court concluded "that the UWC proceeding did not incorporate sufficient procedural safeguards to be considered quasi-judicial." (Opinion at 24.) More specifically, the Court found five procedural safeguards lacking on the record before it, but noted that not "all of th[o]se procedural [protections] are required for [a proceeding to be] quasi-judicial." (Opinion at 24–25.) Discovery may establish sufficient "procedural safeguards to be considered quasi-judicial." (Opinion at 24.) Discovery will present a very different picture of the UWC proceeding between the parties than Plaintiff's unchallenged allegations. Moreover, the District Court never addressed qualified privilege. The Connecticut Supreme Court left open the critical question of qualified privilege, and explicitly held that the District Court "may reconsider [qualified] privilege [once] the factual record is developed." (Opinion at 30.)

4

**B. This Court Should Let The District Court Decide Jane's Alternate Ground For Affirmance In The First Instance**

"[W]hile it is well settled that [this Court] may affirm a district court's decision on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court, [this Court has] discretion to choose not to do so based on prudential factors and concerns." *Saeli v. Chautauqua Cnty., NY*, 36 F.4th 445, 461 (2d Cir. 2022) (alterations and internal quotation marks omitted). Thus, in *Saeli*, this Court elected to let a district court decide an issue in the first instance on remand. *Id.*; *see also, e.g.*, *id*.

This Court should exercise its discretion to allow the District Court to decide Jane's alternate ground for affirmance in the first instance. This case already needs to be remanded to the District Court for further proceedings. There is therefore no need for this Court to weigh in on an issue the District Court is capable of deciding.

## CONCLUSION

This Court should vacate the District Court's partial final judgment in favor of Jane Doe and remand for further proceedings consistent with the Connecticut Supreme Court's opinion, including (1) a decision on Jane's alternate argument and (2) consideration of absolute and/or qualified immunity on a fully developed record.

5

Dated: July 18, 2023

        Respectfully submitted,

By: /s/ *James M. Sconzo*
  James M. Sconzo, Esq.
  Brendan N. Gooley, Esq.
  CARLTON FIELDS P.A.P.C.
  One State Street
  Suite 1800
  Hartford, CT 06103
  Tel:(860) 392-5000
  Fax:(860) 392-5058
  E-mail: jsconzo@carltonfields.com
     bgooley@carltonfields.com

*Attorneys for Defendant-Appellee Jane Doe*

6

**CERTIFICATION OF COMPLIANCE**

I hereby certify pursuant to Fed. R. App. P. 32(a) that the attached Supplemental Letter Brief is proportionally spaced, has a typeface (Times New Roman) of 14 points (excluding my firm's letterhead), and contains 965 words (excluding the sections of the Letter Brief permitted by Fed. R. App. P. 32(f)), as counted by the Microsoft Word processing system used to produce this Letter Brief. I further certify that the attached Supplemental Letter Brief is less than ten pages.

Dated: July 18, 2023

/s/ *James M. Sconzo*
James M. Sconzo

# **CERTIFICATION OF SERVICE**

This is to certify that on this 18th day of July, 2023, a true and correct copy of the foregoing Supplemental Letter Brief was electronically served through the Court's CM/ECF system upon the following party:

Norman A. Pattis, Esq.
The Pattis & Smith Law Firm
383 Orange Street, 1st Floor
New Haven, Connecticut 06511
*Counsel for Plaintiff-Appellant*

                                                /s/ *James M. Sconzo*
                                                James M. Sconzo